**Greg Lanier HARRIS, Petitioner—Appellant,**

v.

**Cal A. TERHUNE, Director of CDC, Respondent—Appellee.**

No. 03–15940.
D.C. No. CV–99–00817–MCE.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 10, 2004.

Decided Feb. 25, 2004.

Charles M. Bonneau, Law Offices of Charles M. Bonneau, Sacramento, CA, for Petitioner–Appellant.

David A. Eldridge, Attorney General's Office, Ruth M. Saavedra, AGCA–Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before GOODWIN, TASHIMA, and CLIFTON, Circuit Judges.

## MEMORANDUM *

California state prisoner Greg Lanier Harris appeals the district court's order denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus, which challenged his 1996 jury trial conviction for sexual abuse of a minor and related counts. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

We review the district court's decision to deny Harris' § 2254 petition de novo. *Nulph v. Cook,* 333 F.3d 1052, 1056 (9th Cir.2003). We review the district court's factual findings for clear error. *Id.* Because Harris filed his federal habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996), the AEDPA controls and limits our review of matters adjudicated on the merits in the California state courts. *See Killian v. Poole,* 282 F.3d 1204, 1207 (9th Cir.2002), *cert. denied,* 537 U.S. 1179, 123 S.Ct. 992, 154 L.Ed.2d 927 (2003).

Under the AEDPA, federal courts must deny habeas relief unless the state court ruling "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).[1]

## I.

Harris argues that he was denied the fundamental right to testify on his own behalf. Because the trial court did not inquire into whether he knowingly and voluntarily waived that right, Harris contends that the trial court left him with no realistic way to exercise his right.

Supreme Court precedent clearly establishes that a criminal defendant has a fundamental constitutional right to testify on his own behalf. *See Rock v. Arkansas,* 483 U.S. 44, 51–53, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987). As Harris concedes, however, the Supreme Court has not imposed a duty on trial courts to inquire into criminal defendants' waiver of their right to testify. Moreover, the circuits have not imposed a general requirement of inquiry and waiver on trial courts, which further indicates that Supreme Court precedent does not require such a procedure. *See, e.g., United States v. Pino–Noriega,* 189 F.3d 1089, 1094–95 (9th Cir.1999).

■ For this reason, the California Superior Court's denial of Harris' right to testify claim on state habeas review is neither contrary to nor an unreasonable application of clearly established federal law as determined by the Supreme Court, and we are precluded from granting relief. *See* 28 U.S.C. § 2254(d).

## II.

Harris argues in the alternative that he received ineffective assistance of counsel. He contends that the failure of his trial counsel, David Vasquez, to call him as a witness fell below an objective standard of

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the factual and procedural history of this case, we recite the facts only to the extent necessary to explain our judgment.

reasonableness, because he was the only witness who could rebut much of the prosecution testimony and the jury would have expected him to testify in what was largely a "he said, she said" case. He also argues that Vasquez did not act as a reasonably competent attorney, because he did not let Harris decide whether or not to testify, even though the decision was clearly Harris' to make.

The California Supreme Court neither held an evidentiary hearing on Harris' ineffective assistance of counsel claim nor gave a reason for its denial. In addition, the district court could not determine on the basis of the state court record why Vasquez had failed to call Harris to the stand. Because the state court had insufficient information on which to adjudicate Harris' claim, and because the district court held an evidentiary hearing at which new evidence came to light, the AEDPA standard of review does not apply. *See Killian,* 282 F.3d at 1208. In order to prevail on his ineffective assistance of counsel claim, Harris must show that the district court's denial of this claim was erroneous. *Id.*

A convicted defendant who raises an ineffective assistance of counsel claim must show that (1) his counsel's actions were outside the wide range of professionally competent assistance, and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 687–89, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A defense attorney's tactical decisions made after thorough inquiry are "virtually unchallengeable." *Furman v. Wood,* 190 F.3d 1002, 1007 (9th Cir.1999) (quoting *Strickland,* 466 U.S. at 690). Ultimately, however, "[t]he relevant question is not whether counsel's choices were strategic, but whether they were reasonable."

*Roe v. Flores–Ortega,* 528 U.S. 470, 481, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000).

The district court's factual finding that Vasquez's decision was a reasonable tactical decision is not clearly erroneous. Vasquez and Harris had numerous discussions about whether and how he would testify, and at least one practice session during which Vasquez could observe how Harris performed on cross-examination. Rather than jumping to the conclusion that Harris should or should not testify, Vasquez waited to see how the evidence unfolded at trial before making the decision. According to Vasquez, he made the decision based on his assessment of the jury and what he felt he had accomplished on cross-examination and during the defense case. Thus, although one can justifiably question the wisdom of relying on the prosecution's burden of proof in a case with highly inflammatory child sexual abuse allegations, it would be difficult to call Vasquez's choice uninformed or unreasonable. For this reason, Harris' claim must fail.

Harris also argues that Vasquez failed to act as a reasonably competent attorney, because he did not allow Harris to testify despite his clear desire to do so. "It is well established that the defendant has the right to testify on his own behalf, a right ... essential to our adversary system." *Riggins v. Nevada,* 504 U.S. 127, 144, 112 S.Ct. 1810, 118 L.Ed.2d 479 (1992) (Kennedy, J., concurring). "It is also recognized that the accused has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal." *Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983) (citations omitted).

In addition, in assessing whether an attorney has provided constitutionally adequate representation, "[p]revailing norms

of practice as reflected in American Bar Association standards and the like . . . are guides to determining what is reasonable, but they are only guides." *Strickland,* 466 U.S. at 688. ABA standards require that counsel allow a criminal defendant to decide whether or not to testify. *See* Model Rules of Prof'l Conduct R. 1.2(a) (2003) ("In a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify."); *id.* at cmt. ("This [rule] is consistent with a criminal defendant's right to make decisions regarding matters that courts have characterized as 'fundamental' or 'substantive' because they derive from constitutional guarantees.").

Here, the record is not completely clear regarding the extent to which Harris disputed his attorney's decision not to call him to the stand. At his sentencing hearing, Harris made statements suggesting that he had taken part in making defense decisions. In addition, Vasquez testified at his deposition that he thought Harris was comfortable leaving the decision to Vasquez. On the other hand, Vasquez testified that he understood that Harris wanted to testify, and led Harris to believe that he would testify, yet at the last moment Vasquez decided to rest the case without calling Harris to the stand. Vasquez also testified that he and Harris never discussed who had the ultimate authority to make this decision, because, in Vasquez' words, "[Harris] assumed, and rightfully so, it was mine."

Even if Vasquez's failure to consult with Harris was objectively unreasonable in light of Harris' clear constitutional right to make the decision himself, Harris cannot show a "reasonable probability" that his

testimony would have produced a different result. *Strickland,* 466 U.S. at 687.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**